**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 03-4698

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE JAMES SMITH,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Chief District Judge. (CR-03-107)

───────────

Submitted: January 29, 2004          Decided: February 9, 2004

───────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, Office of the United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie James Smith pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced as an armed career criminal to a term of 217 months imprisonment. See 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2003); U.S. Sentencing Guidelines Manual § 4B1.4 (2002). Smith's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a potentially meritorious issue whether Smith was correctly sentenced as an armed career criminal, but asserting that in his view there are no meritorious issues for appeal. Smith has been informed of his right to file a pro se supplemental brief. He has not filed a brief, but has moved to dismiss his appointed attorney and lists in his motion several issues he believes have merit. Smith's attorney has moved to withdraw. We deny Smith's motion to dismiss his attorney and the attorney's motion to withdraw. We affirm the conviction and sentence.

A defendant who violates § 922(g) is subject to a sentence within a mandatory range of fifteen years to life if, before his violation of § 922(g), he received "three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). A "violent felony" is defined in § 924(e)(2)(B) as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use,

- 2 -

attempted use, or threatened use of physical force against the person of another . . . ."  Smith had prior convictions for a felony common law robbery committed on October 3, 1993, two counts of felony second degree kidnapping and felony robbery with a dangerous weapon committed on July 17, 1994, and a felony second degree murder committed on August 28, 1994.  The 1994 offenses were consolidated for sentencing.

At his sentencing hearing, Smith's attorney conceded that his client was eligible for sentencing under § 924(e).  Because of Smith's status as an armed career criminal, and because at the time of his arrest Smith possessed marijuana packaged for sale, his offense level and criminal history category were adjusted upward pursuant to USSG § 4B1.4(b)(3)(A).  The resulting guideline range was 188-235 months.  Smith informed the court that he had not committed the July 17, 1994, kidnappings and armed robberies, but had pled guilty to those offenses as part of a plea bargain in the felony murder.  He acknowledged that, because these convictions had not been vacated, reversed, or set aside, the court was required to sentence him under § 924(e).

In the Anders brief, appellate counsel challenges the armed career criminal sentence.  We find no error in the sentence.  Offenses consolidated for sentencing may be predicate offenses for a § 924(e) sentence if they were committed on different occasions, as they were here.  United States v. Letterlough, 63 F.3d 332, 335

(4th Cir. 1995) (offenses must have arisen from separate and distinct criminal episodes); United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) (neither § 924(e) nor the guidelines require that predicate offenses be tried or sentenced separately). In his motion for new counsel, Smith claims error in that he was not served with an information pursuant to 21 U.S.C. § 851 (2000). However, such an information is required only when the defendant receives a sentence for a federal drug offense that is statutorily increased based on prior drug convictions; it was not necessary in Smith's case.

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny Smith's motion to dismiss his attorney and counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED